**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LEQUITA CURTIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 16-0125-WS-N** |
| | ) |
| **MYER COMPANION CARE, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment and for Hearing on Damages (doc. 13).

On March 23, 2016, plaintiff, Lequita Curtis, filed a Complaint (doc. 1) against defendant, Myer Companion Care, LLC.  The Complaint alleges that Myer Companion Care discriminated against Curtis on the basis of her race and retaliated against her for opposing race discrimination and/or filing an EEOC Charge, all in violation of Title VII and 42 U.S.C. § 1981; and further violated the Fair Labor Standards Act by requiring Curtis to work off the clock, cutting her reported hours, and routinely failing to pay her overtime compensation that was due and owing, then terminating her employment when she complained of FLSA violations.

On June 14, 2016, Curtis filed a Proof of Service (doc. 11), purporting to reflect that service of process had been perfected on defendant via certified mail delivered to defendant's registered agent for service of process, Robert Myer, on June 10, 2016.[1]  Pursuant to Rule 12,

---

[1]    There is a discrepancy between the address at which Curtis purportedly perfected service and the address maintained by the Alabama Secretary of State in its business entity records.  Specifically, plaintiff purports to have served Robert Myer (although the certified mailing was signed for by a person named Ashley Gaines) at 1505 East Pass Rd., Gulfport, MS 39507.  The service address for Robert Myer on file with the Alabama Secretary of State is 273 Azalea Rd., Mobile, AL 36609.  Plaintiff does not explain how it came to be that she served Robert Myer in Gulfport, rather than Mobile; however, the court file reflects that the original Summons issued was for the 273 Azalea Road address, that plaintiff's investigation revealed that this address was "incorrect / incomplete," and that service was ultimately achieved via a Second Alias Summons directed to the Gulfport address.  (*See* docs. 3, 7, 10.)

Fed.R.Civ.P., and as stated on the face of the Summons, Myer Companion Care's answer or other responsive pleading was due within 21 days after service, or by no later than July 1, 2016. To date, however, defendant has failed to respond or otherwise appear in this action, despite having been summoned to do so nearly seven weeks ago.  These circumstances, as reflected in the court file and/or recited on the face of Curtis's Motion, satisfy the criteria for a Clerk's Entry of Default pursuant to Rule 55(a), Fed.R.Civ.P.

That said, there is a significant technical infirmity in plaintiff's filing.  In particular, plaintiff improperly conflates and combines the distinct procedures of a clerk's entry of default and a court's entry of default judgment.  The law is clear that these are separate steps that should not be combined into one.  *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").  "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."  *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Gottschalk v. City and County of San Francisco*, 964 F. Supp.2d 1147, 1165 (N.D. Cal. 2013) ("entry of default judgment is a two-step process; default judgment may be entered only upon the entry of default by the Clerk of the Court") (citation omitted); *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment.").  The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment.[2]  Plaintiff has attempted to merge these two

---

[2]     *See, e.g., Whitesell Int'l Corp. v. Smith Jones, Inc.*, 827 F. Supp.2d 964, 967 (S.D. Iowa 2011) ("After default has been entered, a plaintiff can move for a default judgment …"); *Christenson Media Group, Inc.*, 782 F. Supp.2d 1213, 1223 (D. Kan. 2011) ("By moving for default judgment first, plaintiff is trying to skip step one and jump to step two.  A plaintiff may not seek default judgment before it has applied for entry of default."); *Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n. 2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a (Continued)

distinct steps into one by essentially requesting both forms of relief contemporaneously, or perhaps skipping over the clerk's entry of default step altogether.  This is improper.

      Under the circumstances, it is ordered that the Motion for Default Judgment (doc. 13) is **granted in part**, and **denied in part**.  Plaintiff's request for entry of default is **granted**, and the Clerk of Court is **directed** to enter a default against Myer Companion Care, LLC, pursuant to Rule 55(a), Fed.R.Civ.P.  However, plaintiff's request for entry of default judgment is **denied** as premature.  The Clerk of Court is directed to mail a copy of this Order and the Clerk's Entry of Default to Myer Companion Care, LLC, c/o Robert Myer, 1505 East Pass Road, Gulfport, MS 39507, to provide it with notice of the pending default proceedings.  If no motion to set aside the default is filed on or before **August 12, 2016**, plaintiff may renew her Motion for Default Judgment, supported by exhibits and authorities as appropriate.

      DONE and ORDERED this 28th day of July, 2016.

                    s/ WILLIAM H. STEELE
                    CHIEF UNITED STATES DISTRICT JUDGE

---

prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8–9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment); *Continental Resources, Inc. v. Langved*, 2016 WL 3950744, *4 (D.N.D. Apr. 12, 2016) ("As no entry of default has been made in this case, Continental's request for default judgment is premature."); *Regions Bank v. Campus Developmental Research Schools, Inc.*, 2016 WL 3039650, *2 (M.D. Fla. Feb. 11, 2016) (explaining that "[t]he law in this circuit is clear" in that "the clerk's entry of default must precede an application for default judgment") (citations and internal quotation marks omitted); *Lewis v. Parker*, 2014 WL 3735244, *2 (E.D. Mich. June 24, 2014) ("In this case, the Clerk has not entered [a] default under Rule 55(a).  Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).").