IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEQUITA CURTIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0125-WS-N |
| | ) |
| **MYER COMPANION CARE, LLC,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Defendant's Motion to Set Aside Entry of Default (doc. 17).  On July 28, 2016, the undersigned entered an Order (doc. 14) granting plaintiff's request for entry of default and directing the Clerk of Court to enter a default against defendant, Myer Companion Care, LLC, pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure.  Later that same day, the Clerk of Court entered a Clerk's Entry of Default (doc. 15) against Myer Companion Care.  Copies of the Order and Clerk's Entry of Default were mailed to defendant at the Gulfport, Mississippi address where service of process was purportedly made.

The evidence before the Court is that Myer Companion Care first became aware of the Clerk's Entry of Default upon receipt of same on August 2, 2016.  Later that day, counsel filed a Notice of Appearance (doc. 16) on behalf of Myer Companion Care.  And three days later, Myer Companion Care (by and through such counsel) filed a detailed, well-supported Motion to Set Aside Entry of Default, with incorporated memorandum of law and exhibit.  As grounds for the Motion, defendant explains that its failure to respond to the Complaint in a timely manner was the product of inadvertence.  Defendant elaborates that its omission resulted from a misunderstanding as to whether Myer Companion Care's insurer would provide coverage for these claims, compounded by confusion as to whether the proper entity had been served and whether service was effective at all.  The root problem, however, appears to be a lack of communication between Myer Companion Care and its insurer to clarify which of them was

going to take responsibility for appearing and answering the Complaint in a timely manner. As further grounds for the requested relief, Myer Companion Care asserts that setting aside the Clerk's Entry of Default in this case is appropriate because plaintiff will not be prejudiced, defendant has meritorious defenses to the claims asserted, defendant would face significant financial exposure if the default were not set aside, the public interest would be served by allowing defendant to defend against these claims on their merits, and Myer Companion Care acted expeditiously to take corrective action once it became aware that default had been entered against it. Additionally (and not insignificantly), defendant represents that plaintiff does not oppose the relief requested in the Motion to Set Aside.

As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also American Family Home Ins. Co. v. Hillery*, 2009 WL 197970, *1 (S.D. Ala. Jan. 23, 2009) (citation omitted). In light of this strong policy, plaintiff's acquiescence to the setting aside of the default, the lack of prejudice to any party, the absence of any grounds for imputing improper motive or manipulative conduct to Myer Companion Care, and Myer Companion Care's prompt efforts to remedy its oversight upon becoming aware of same, the Court finds that the requisite "good cause" exists under Rule 55(c) to set aside the default. *See generally Hillery*, 2009 WL 197970, at *1 (under Rule 55, "the overarching question is whether circumstances exist that warrant a finding of good cause to set aside the default"). Accordingly, defendant Myer Companion Care's Motion to Set Aside Entry of Default (doc. 17) is **granted**, and the Clerk's Entry of Default (doc. 15) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P. Defendant is **ordered** to file its answer or other responsive pleading to the Complaint on or before **August 22, 2016**.

DONE and ORDERED this 8th day of August, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE