IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEQUITA CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0125-WS-N |
| | ) |
| MYER COMPANION CARE, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Stipulation of Dismissal (doc. 29). In that filing, the parties express their agreement to dismiss with prejudice plaintiff's claims asserted under the Fair Labor Standards Act (Count II), without affecting plaintiff's claims of race discrimination asserted under Title VII and 42 U.S.C. § 1981 (Count I). As grounds for this Stipulation, the parties cite Rule 41(a)(1)(A)(ii), Fed.R.Civ.P.

The parties are correct that the cited rule generally allows for dismissal of an action via a stipulation of dismissal signed by all parties, without any showing of fairness or judicial scrutiny. Significantly, however, that rule is "[s]ubject to … any applicable federal statute." Rule 41(a)(1)(A). The FLSA is such a statute. Indeed, it is well settled that FLSA settlements are not like settlements in the overwhelming majority of civil actions brought in federal court, which do not require judicial approval. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp.2d 1346, 1348 (M.D. Fla. 2010) ("Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions."). This is because "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Despite this general rule, an employer and an employee may settle a private FLSA suit under the supervision of the district court" where there is a "bona fide dispute over FLSA coverage." *Hogan v. Allstate Beverage Co.*, 821 F. Supp.2d 1274, 1281 (M.D. Ala. 2011). The mechanics of such a settlement are that "[w]hen employees bring a private action for back wages

under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353.

Simply put, then, the parties cannot dismiss Curtis's FLSA claims by merely filing a Joint Stipulation that cites Rule 41(a)(1). Rather, they must adhere to the *Lynn's Food* protocol by submitting a joint motion for approval of settlement demonstrating that their resolution of those FLSA claims comports with the statute's terms and purposes. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) ("[t]he purposes of the FLSA are undermined whenever an employer is allowed to escape liability for violations of the statute"); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp.2d 618, 622-23 (E.D. Va. 2011) ("the reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's terms or purposes"). A settlement may be approved upon confirmation that "employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp.2d at 1282. Thus, the touchstone of the inquiry is whether the proposed settlement "constitutes a fair and reasonable compromise of a *bona fide* FLSA dispute." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *3 (S.D. Ala. Feb. 14, 2013).

In light of the foregoing, the parties' Joint Stipulation of Dismissal is ineffective as filed. The parties are **ordered**, on or before **September 5, 2017**, to file a joint motion for approval of their settlement of plaintiff's FLSA claims, supported by exhibits and authorities as appropriate.

DONE and ORDERED this 22nd day of August, 2017.

                                         s/ WILLIAM H. STEELE
                                         UNITED STATES DISTRICT JUDGE